<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
                          :
RANDY LAVELL CRAWFORD,  :
                          :
        Petitioner,      :
                          :        Civil Action No. 01-4531 (JAG)
        v.          :
                          :        **OPINION**
ROY HENDRICKS, Warden,  :
NEW JERSEY STATE PRISON, and  :
JOHN J. FARMER, JR., Attorney General  :
of New Jersey,  :
                          :
        Respondents.    :
_____:

<u>GREENAWAY, JR., U.S.D.J.</u>

      This matter comes before this Court on an "Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R.Civ.P.," and on a motion to excuse compliance with L. Civ. R. 101.1(c)(4), by Petitioner, Randy Lavell Crawford ("Petitioner" or "Crawford"), against Respondents, Roy Hendricks, et al., ("Respondents"). For the following reasons, Petitioner's motions are denied.

I.    <b>BACKGROUND</b>[1]

      On October 10, 2000, Petitioner filed a petition for writ of habeas corpus (the "First

_____

      [1]The parties are well aware of the facts underlying the instant action that are related to the criminal prosecution and subsequent state proceedings. For purposes of judicial economy, those facts are not repeated here. Rather, these facts are fully set forth in the District Court Letter-Opinion signed July 18, 2001, filed July 20, 2001, and entered on to the docket July 23, 2001 as 00-5100 (AJL), Docket Entry No. 5.

1

Petition") in this district court.[2]  On July 18, 2001, the Honorable Alfred J. Lechner, Jr.,

dismissed the First Petition, finding that the Petitioner had failed to exhaust his state court

remedies.  Specifically, Judge Lechner found that Petitioner failed to exhaust his ineffective

assistance of appellate counsel claim.  On August 12, 2001, Petitioner moved to amend his

habeas corpus petition, or in the alternative, for entry of an order dismissing the First Petition

without prejudice, to exhaust his ineffective assistance of appellate counsel claim.  Judge

Lechner granted Crawford's motion on August 23, 2001, ordering that the First Petition be

dismissed, without prejudice.

On September 19, 2001, former defense counsel filed a second petition for a writ of

habeas corpus (the "Second Petition").  The Second Petition was a duplicate of the First Petition,

with the exception of the inclusion of a cover letter, explaining that Petitioner was withdrawing

his ineffective assistance of counsel claims.[3]  On July 18, 2002, the Honorable William G.

Bassler denied Crawford's Second Petition.

---

[2]Petitioner raised the following grounds:

1.     The erroneous jury charge deprived petitioner of a fair trial.
2.     Petitioner's Sixth Amendment rights were violated because petit jury
       panel no. 70 was not randomly drawn from a cross section of the
       community.
3.     The admission of the prior inconsistent statements of Sharean Bowser,
       Charles Lembrick, and Darnell Bell as substantive evidence deprived
       Petitioner of his right to a fair trial.
4.     Detective Flach's rebuttal testimony was improper and deprived the
       Petitioner of his right to a fair trial.
5.     Petitioner did not receive effective assistance of counsel at any stage of his
       proceedings.

[3]This Court notes that both the Second Petition and nearly fifteen pages of the supporting
brief still maintained Petitioner's claims for ineffective assistance of Counsel.

2

On July 31, 2008, Petitioner filed the instant "Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R.Civ.P."  Petitioner, through current counsel, also moved to excuse compliance with L. CIV. R. 101.1(c)(4).  Petitioner seeks to obtain a substantive ruling on his renewed habeas corpus motion by first having this Court grant a waiver of the pro hac vice requirement.

## II.    DISCUSSION

### A.    Local Rule 101.1

In seeking to be admitted to practice before this Court, pro hac vice, current counsel for Petitioner, Cheryl J. Sturm, has moved to waive L. CIV. R. 101.1(c)(4), which requires that attorneys appearing pro hac vice secure the appearance of local counsel.  Ms. Sturm is apparently a member of the Pennsylvania bar and is "in good standing of the Supreme Court of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania as well as of other federal courts."  (See Petitioner's Notice of "Motion for Admission Pro Hac Vice Pursuant to Local Rule 101.1 and for Waiver of Local Rule 101.1(c)(4)").  Ms. Sturm further avers that no disciplinary proceedings are pending against her and that no discipline has been imposed on her by any jurisdiction.  (Id.)  Ms. Sturm has requested waiver of L. CIV. R. 101.1(c)(4), as she believes that the instant action will require few in-court appearances and limited filings.

In this Court, an attorney may be admitted pro hac vice if the attorney is (1) a member of the bar of another federal court or of the highest court of any state, (2) in good standing before such court, (3) not under suspension or disbarment by any court, state or federal, and (4) not

admitted to practice by the New Jersey Supreme Court.  L. CIV. R. 101.1.[4]  It appears that Ms. Sturm is able to satisfy these requirements.

The Local Rules also require that in an instance where an attorney is admitted pro hac vice, "an appearance as counsel of record shall be promptly filed by a member of the bar of this Court upon whom all notices, orders and pleadings may be served ... ."  See L. CIV. R. 101.1(c)(4).  Only an attorney-at-law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders.  Id.

The requirement for a New Jersey attorney to enter an appearance serves three important purposes: (1) members of the local bar are familiar with the rules and customs of this court and are expected to educate pro hac vice attorneys on, and enforce, those rules and customs; (2) members of the local bar of this court are more readily available than pro hac vice attorneys for conferences or other matters which arise in the course of litigation, and; (3) the court looks to members of the local bar to serve as a liaison between it and pro hac vice attorneys and to ensure effective communications between the court and pro hac vice attorneys.  Ingemi v. Pelino & Lentz, 866 F. Supp. 156, 162 (D.N.J. 1994).

Petitioner's counsel seeks to be excused from this final requirement.  Petitioner does not cite any authority in support of this motion to excuse compliance with L. Civ. R. 101.1(c)(4).  Nor has this Court, in its independent review of the case law, found an instance where a court has granted a request to waive L. CIV. R. 101.1(c)(4).  Petitioner has not identified any particular

---

[4]The Local Rules also require that an attorney admitted pro hac vice make a payment to the New Jersey Lawyer's Fund for Client Protection, as provided by New Jersey Court Rule 1:28-2(a).  In addition, a payment of $150.00 is required for each admission payable to the Clerk, U.S.D.C..  See L. CIV. R. 101.1(c)(2) and (3).

hardship that would make compliance with the Local Rules burdensome.  In fact, Petitioner has

not set forth any reason as to why he, through his attorney, would be unable to comply with this

Court's rules concerning pro hac vice admissions.  This Court finds that waiver of L. Civ. R.

101.1(c)(4) is inappropriate here.  The motion will be denied.

**B.     Rule 60(b)**

Petitioner also moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for

relief from Judge Bassler's Order denying his Second Petition.  A court may relieve a party from

a final judgment or order for the following reasons:

1.      Mistake, inadvertence, surprise, or excusable neglect;

2.      Newly discovered evidence that, with reasonable diligence, could not have
        been discovered in time to move for a new trial under Rule 59(b);

3.      Fraud (whether previously called intrinsic or extrinsic), misrepresentation,
        or misconduct by an opposing party;

4.      The judgment is void;

5.      The judgment has been satisfied, released or discharged; it is based on an
        earlier judgment that has been reversed or vacated; or applying it
        prospectively is no longer equitable; or

6.      Any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

Rule 60(b)'s first five provisions detail specific avenues through which petitioners can

seek relief from judgment.  Rule 60(b)(6), however, is a "catchall" provision that permits a court

to grant relief from a final judgment or order for "any other reason justifying relief from the

operation of judgment." Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting Rule 60(b)(6)).  "A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P 60(c).

While Rule 60(c) does not explicitly provide a one-year period of limitations for bringing a 60(b)(6) claim, the Third Circuit has long held that Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation."  Gambocz v. Ellmyer, 438 F.2d 915, 917 (3d Cir. 1971).  Accordingly, a Rule 60(b)(6) motion filed more than a year after final judgment is generally considered untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner.  Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950), and Klapprott v. United States, 335 U.S. 601, 613-14 (1949)).

In the instant action, it appears as though Petitioner is proceeding under the "catch-all" category, pursuant to Rule (60)(b)(6). (See Petitioner's Brief in Support of the Rule 60(b) Motion for Relief from Judgment, p. 2.)  As a result, it was incumbent on Petitioner to file his motion within a reasonable time from the date of judgment, i.e., July 19, 2002.[5]

Crawford filed his motion for relief from judgment on July 31, 2008, over six years after both the signing date and the docket date of Judge Bassler's Order denying his Second Petition. Briefer delays have been deemed unreasonable by this Circuit and other Circuits.  See Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1347 (3d Cir. 1987) ("Rule 60(b)(6) motion

---

[5]Judge Bassler's Opinion and Order were officially docketed on July 22, 2002.  (See 01-4531 (JAG), Docket Entry Nos. 6 & 7)

almost two years after the district court's initial judgment ... was not made within a reasonable time."); Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977) (expressing "serious doubts" over whether a two and one-half year delay in filing a Rule 60(b) motion would comply with the "reasonable time" requirement of Rule 60(b)(6)); see also PRC Harris, Inc. v. The Boeing Co., 700 F.2d 894 (2d Cir. 1983) (holding that delay of almost one year, without sufficient reason justifying the delay, was a bar to granting 60(b)(6) relief with respect to a judgment dismissing the party's complaint without prejudice rather than with prejudice).

Crawford's delay in requesting relief cannot be excused.  Petitioner does not assert that he was unaware that the Petition was filed on his behalf.  Nor does Crawford contend that he was ignorant of Judge Bassler's Opinion and Order denying his habeas corpus petition.  On the contrary, Judge Bassler's decision was officially entered and docketed by the Clerk of this Court on July 22, 2002.  These docket entries remain available to this date.  Petitioner puts forth no valid reason that would excuse his dilatory motion, brought more than six years after the entry of judgment against him.

Accordingly, this Court will deny Petitioner's Rule 60(b) motion for relief from judgment, on the grounds that it is untimely, and that there are no extraordinary circumstances warranting such delay.

## VI.   CONCLUSION

For the reasons stated above, Petitioner's motions to waive L. Civ. R. 101.1(c)(4), and for relief from judgment, pursuant to Rule 60(b), are DENIED.

Date: May 4, 2009

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.